IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MAURICE HEMINGWAY,            :
                              :
      Petitioner            :
                              :
  v.                          :    CIVIL NO. 4:CV-14-590
                              :
WARDEN ZICKEFOOSE,            :    (Judge Brann)
                              :
      Respondent            :

## **MEMORANDUM**

May 19, 2015

### **Background**

    Maurice Hemingway, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Allenwood Warden Donna Zickefoose. Service of the petition was previously ordered.

    Petitioner states that on April 30, 2003 he was convicted of being a felon in possession of a firearm; use of a firearm in relation to a robbery; and robbery affecting interstate commerce in violation of the Hobbs Act following a jury trial in the United States District Court for the District of South Carolina. Hemingway

was sentenced to serve a 197 month term of confinement followed by 5 years of supervised release.

By decision dated August 23, 2004, Petitioner's conviction and sentence were affirmed on direct appeal.[1]  See United States v. Hemingway, 108 Fed. Appx. 83 (4th Cir. 2004).  He did not seek further review from the United States Supreme Court.  Petitioner next sought relief from the trial court via submission of a June 20, 2005 motion pursuant to 28 U.S.C. § 2255.  The trial court denied § 2255 relief on May 24, 2006.[2]  See Hemingway v. United States, Civil Action No. 4:05-1768, 2006 WL 1432437 (D.S.C. 2006).  The United States Court of Appeals for the Fourth Circuit denied Petitioner's request for issuance of a certificate of appealability on November 22, 2006.  See United States v. Hemingway, 207 Fed. Appx. 268 (4th Cir. 2006).

Thereafter, Petitioner filed two (2) unsuccessful requests for authorization to file a second or successive § 2255 motion with the Fourth Circuit.  His first

---

[1]   The Court of Appeals concluded that Petitioner's confession was properly admitted; there was sufficient evidence showing that the robbery had an impact of interstate commerce; a two level increase in Hemingway's offense level was warranted; and the trial court did not err by adding the charge of aiding and abetting.

[2]   Relief under § 2255 was denied by the trial court on the grounds that his allegations of ineffective assistance of counsel lacked merit; there was no improper enhancement of his base offense level by two points; and United States v. Booker, 543 U.S. 220 (2005) was not applicable.

request was denied on January 31, 2012 and the second on July 5, 2012.  See Doc. 6, Exhibits E & F.  By decision dated July 10, 2013, the trial court denied Petitioner's motion seeking copies of documents including trial transcripts.  See United States v. Hemingway, No. 4:02-cr-756, 2013 WL 3479765 (D.S.C. 2013). The district court noted therein that Petitioner's attempt to obtain relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) lacked merit since that decision was "not retroactive to cases on collateral review" and any Simmons based petition he filed would be time barred.  Id. at * 2.  Hemingway states that he then returned to the trial court and filed another § 2255 action which was dismissed on March 7, 2014 for failure to obtain authorization from the Court of Appeals.  See  Doc. 2, p. 3.

     Hemingway's pending action seeks federal habeas corpus relief with respect to his federal conviction and sentence under the exception established by In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997).   Petitioner claims that he is actually innocent of the charge of being a felon in possession of a firearm.  In a supporting memorandum, Petitioner explains that he is entitled to relief under Simmons, a decision which he contends has been held to be retroactively applicable to cases on collateral review under Miller v. United States, 735 F.3d 141 (4th Cir. 2013) .

Respondent argues that the petition should be dismissed "because Hemingway cannot challenge his sentence via a Section 2241 habeas action." Doc. 6, p. 2. In addition to the procedural history set forth above, the Respondent adds that on May 19, 2014 the Fourth Circuit denied yet another request by Hemingway for authorization to file a successive § 2255 action based on Simmons/Miller. See id. at Exhibit J.

**Discussion**

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

When challenging the validity of a federal conviction and sentence, and not the execution of his sentence, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, No. 08-3898, 2009 WL 1154194, at *2 (3d

Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence")  A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  This language in § 2255, known as the safety-valve clause, must be strictly construed.  Dorsainvil, 119 F.3d at 251; Russell, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  Id. at 539; see also, Alexander v. Williamson, 324 Fed Appx. 149, 151 (3d Cir. Apr. 16, 2009).

Petitioner is clearly challenging the validity of his sentence which was imposed by the District of South Carolina.  Thus, he must do so by following the

requirements of § 2255.  As recognized by <u>Pollard v. Yost</u>, No. 07-235, 2008 WL 4933599 at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

     Hemingway seeks relief under  <u>Simmons</u>, which held that in order for a North Carolina prior conviction to be considered as a predicate felony offense, the defendant must have been convicted of an offense for which the defendant could be sentenced to a term exceeding one year under the particular circumstances of that person's criminal activity rather then generally under the statute.  In <u>Miller</u>, the Fourth Circuit ruled that <u>Simmons</u> announced a new substantive rule which applied retroactively.

     The United States Supreme Court in <u>Tyler v. Cain</u>, 533 U.S. 656, 663 (2001),  established that a new rule of law is <u>not</u> made retroactive to cases on

collateral review unless the Court itself holds it to be retroactive.[3] However, unlike the Supreme Court's decision in <u>Dorsainvil</u>, the Fourth Circuit's holdings in <u>Simmons</u> and <u>Miller</u> are not binding on this Court. See <u>Young v. Hollingsworth,</u> No. 14-4685, 2014 WL 3817245 * 3 (D.N.J. Aug. 1, 2014); <u>Rice v. Copenhave</u>, No. 1:14-CV-581, 2014 WL 2930859 * 4 (E.D. Cal. June 27, 2014). As such, <u>Simmons</u> and <u>Miller</u> " do not create a new and binding constitutional rule for this Court." <u>Id</u>. at *2. Second, the Fourth Circuit denied Petitioner's request to pursue a successive § 2255 action based upon <u>Simmons</u> and <u>Miller</u>. However, pursuant to the standards set forth in <u>Cradle</u>, the denial of Petitioner's request by the Fourth Circuit by itself does not warrant a determination that Hemingway's § 2255 remedy is inadequate or ineffective.

Given the above decisions and Petitioner's failure to present this Court with any authority to support a determination that any federal court has held that a <u>Simmons</u> based claim may be pursued via a § 2241 proceeding, it is apparent that

---

[3] While <u>Tyler</u> specifically addressed the detention of a state prisoner and thus a claim presented under 28 U.S.C. § 2254, the holding applies equally to a federal prisoner's § 2255 claim. This is so because a § 2255 motion is the federal equivalent of a state habeas petition filed pursuant to § 2254 and was intended to mirror § 2254 in operative effect. <u>United States v. Vancol</u>, 916 F. Supp. 372, 377, n. 3 (D. Del.)(citing <u>Reed v. Farley</u>, 512 U.S. 339, 353 (1974)). Precedent under § 2254 and § 2255 may also be used interchangeably. <u>Vancol</u>, 916 F. Supp. at 377 n. 3 (citing <u>Kaufman v. United States</u>, 394 U.S. 217, 224-27 (1969)).

under the present circumstances, habeas corpus review of said argument is not appropriate.

Accordingly, Hemingway's § 2241 petition will be dismissed without prejudice. This dismissal does not preclude Petitioner from again seeking authorization from the Fourth Circuit to file a second or successive § 2255 petition. An appropriate Order will enter.

BY THE COURT:

  s/ Matthew W. Brann
Matthew W. Brann
United States District Judge